Mr. Justice MacArthur
delivered the opinion of the court:
This is a motion to dismiss an appeal from the final decision of the chief justice of this court upon a writ of habeas corpus.
The petitioner for the writ was indicted in the Circuit Court of the United States for the District of Louisiana, and being found here was arrested upon a warrant by the marshal for the District of Columbia. He applied, to the chief justice of this court for a writ of habeas corpus, and upon the hearing of the case an order was made discharging him from custody on the 16th day of February, 1878. From that order the district attorney, acting under instructions from the Attorney-General of the United States, took an appeal to the general term. The petitioner now makes a motion to dismiss the appeal upon the ground that no appeal lies from the decision upon habeas corpus in this District. This is the only question presented for our consideration.
The great weight of authority at common law is undoubtedly against an appeal in such case, and the current of authority in most of the State courts is, that a review of a decision on habeas corpus, independently of statutory provisions, cannot be had by writ of error or appeal. The decision is regarded as final and conclusive. (Hurd on Habeas Cor *427 pus, 567, and the cases there cited.) And the reason of this rule appears to be that in such case there is no final judgment, and the party is not concluded from applying again. There are many cases reported where the prisoner has been remanded, and then applied to another judge or another court, for the reason that the first decision was held not to be a final judgment, and it is only from a final judgment that a ■writ of error is allowed at common law. I find, upon reference to the decision of the Supreme Court, that this doctrine has been apparently recognized. In ex-parte Lange, 18 Wall., 163, the prisoner procured a writ of habeas corpus from a circuit judge, and upon the hearing of the same in the Circuit Court the writ was discharged and he was remanded into custody. Afterwards he applied to the Supreme Court for habeas corpus, and no objection was stated on account of there having been a previous writ of the same kind, nor was the circumstance commented upon by the court. In the recent case of ex-parte Parks, 3 Otto, 18, the party having been remanded in the Circuit Court, applied to the Supreme Court, and the writ was issued and heard upon its merits. Indeed, the principle that where a party has been remanded upon a previous healing of this kind does not conclude him from applying again, seems to be sustained by authority almost universally recognized, and must proceed upon the ground that the decision in the first application was not a final judgment, and therefore not appealable.
Provision has been made in most all the States for an appeal on habeas corpus, thus giving to the decision in such case the effect of a final judgmeut. In some of them an appeal is given only when the prisoner is remanded, and in others, one is also given when he is discharged; and in these latter cases the appeal is taken at the suggestion of the Attorney-General.
Section 768 of the Nevised Statutes of the United States provides for an appeal in these words: “ From the final decision of any court, justice, or judge inferior to the Circuit Court, upon an application for a writ of habeas corpus, or *428 upon such writ when issued, an appeal may be taken to the Circuit Court for the district in which the case is heard;” and sections 765 and 766 provide "for certain matters of practice on such appeals, and for the safe-keeping and protection of the prisoner until the case can be heard and determined.
The question principally discussed in this case was whether the section of the Revised Statutes already referred to prevails in this jurisdiction. It was contended by the petitioner that the section was not locally applicable here; that consequently the common law w’as in force, unmodified by any statutory provision ; and that no appeal can be taken, and that the motion to dismiss ought to be allowed. We have, however, come to the conclusion that the act is in operation within this District. The language of the statute is general and without any limitation as to the locality to be affected. It is general enough and broad enough to have a practical application here. The argument that the provision is confined in express language to an appeal “ from the final decision of any court, • justice, or judge inferior to the Circuit Court,” was urged with great earnestness. It may be conceded that there is in form no judicial officer here inferior to a Circuit Court, and that the chief justice, who heard and determined the case, was not a judge or justice inferior to a Circuit Court. But we think this is a verbal criticism which should not overcome the plain intention of the act. It is to be remembered that the judges of this court are invested with the powers and jurisdiction of circuit judges, and that this court has all the jurisdiction conferred upon it in express terms by the organic act of a United States Circuit Court. It is inevitable that whenever there could be an appeal in the one case there could be in the other. The case was heard by the chief justice at chambers. Was he a judge or justice inferior to a Circuit Court? For the purpose of hearing this appeal we have the powers of the latter, and it can scarcely be contended that any judge of this tribunal at chambers is not inferior according to the true meaning of the law. We know that many of the most important questions relating to personal liberty, to *429 the jurisdiction of courts, and the constitutionality of acts of legislation, are involved in the trial by habeas corpus. A judge sitting aloue should not be intrusted to .pass upon matters of so much concern in a summary proceeding, without any power to review and reverse, if necessary, his determinations. The highest considerations of public policy as well as a proper construction of the statute sustain the same conclusion. If the common law is in force in this District, without being affected by the Revised Statutes, there is not only no appeal, but the return of the officer would conclude the prisoner. But the act provides that upon the coming in of the return, the party may controvert it and 'introduce any facts or circumstances material to the case. The protection here afforded the citizen is to be excluded from this District if the general law is not applicable to our people, and we will be remanded back to the condition of things which induced the English Parliament, two hundred years ago, to interfere in behalf of this writ, and to make provision that it should be properly administered.
It was urged in argument that, if the act was available here, an appeal would only lie at the instance of the relator when he was remanded. The subject of the Revised Statutes was to regulate proceedings on habeas corpus. The language giving appeal is general, and we think it would be straining the meaning of the Legislature to confine it to one side. The object to be attained by an appeal on the part of the State may be entitled to as much consideration as any question in the case; and since no such partial meaning is expressed, we have no right to abridge its operation.
The motion to dismiss is denied.
Note. — The decision in the foregoing case was pronounced at the April Term, 1878, and in the September following an application was made for a rehearing, which upon deliberation was denied.
Mr. Justice Humphreys dissented.